IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PHILLIP RAY RODGERS, <br>     Plaintiff, <br> v. <br> WARDEN OWENS, ET AL. <br>     Defendants. | No. 21-cv-2270-SHM-tmp |

**ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(A)(1)-(2) OR PAY THE $402 CIVIL FILING FEE**

On March 26, 2021 Plaintiff Phillip Ray Rodgers, Bureau of Prisons register number 49929-044, filed a civil complaint pursuant to 42 U.S.C. § 1983 in the United State District Court in Eastern District of Arkansas as case 4:21-cv-00237. (ECF No. 1.) Plaintiff is incarcerated at the Federal Correctional Institution in Memphis, Tennessee. Therefore, on the order of Judge Joe J. Volpe, the case was transferred to the United States District Court in Memphis and opened on April 30, 2021, as the instant case. Plaintiff neglected to submit a properly completed application to proceed *in forma pauperis* and a copy of his trust account statement as required by 28 U.S.C. § 1914(a)-(b).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,*

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), [t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $52 fee.

1

716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Therefore, the Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $402 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the affidavit, he may, within 30 days after the date of this order, file a motion for extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire $402 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3rd at 605.[2]

**IT IS SO ORDERED,** this 3d day of May, 2021.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F3d. 378, 381 (6th Cir. 2002).